1/30/2023 11:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72261703
By: Nelson Cuero
Filed: 1/30/2023 11:32 AM

CAUSE NO._____

| | | |
|---|---|---|
| BRIGGS   BROTHERS   ENTERPRISES CORPORATION | § § § | IN THE DISTRICT COURT OF |
| vs. | § § § § § § | HARRIS COUNTY, TEXAS |
| RLI INSURANCE COMPANY | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, BRIGGS BROTHERS ENTERPRISES CORPORATION, files its Plaintiff's Original Petition against Defendant, RLI INSURANCE COMPANY, and would show the Court as follows.

### DISCOVERY CONTROL PLAN

1.     Discovery is intended to be conducted under Level 3 of TEXAS RULES OF CIVIL PROCEDURE 190.

### PARTIES

2.     Plaintiff, BRIGGS BROTHERS ENTERPRISES CORPORATION ("BBEC"), is a Texas corporation organized under the laws of the State of Texas and whose principal place of business is located in Texas.

3.     Defendant, RLI INSURANCE COMPANY ("RLI Insurance"), is a surety company registered with the Texas Department of Insurance and doing business in the State of Texas. RLI Insurance may be served with process by serving its registered agent for service:

**CSC-Lawyers Incorporating Service Company**

# EXHIBIT 1

**211 E. 7th Street, Suite 620**
**Austin, TX 78701-3136**

or by serving any director or officer of RLI Insurance (wherever he or she may be found) or through the Texas Department of Insurance.

### JURISDICTION/VENUE

4.     The Court has jurisdiction over RLI Insurance because it conducts business in the State of Texas and is registered with the Texas Department of Insurance. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court.

5.     Plaintiff seeks only monetary relief of more than $1,000,000. TEX. R. CIV. P. 47 (c)(4).

6.     Venue is proper in Harris County, Texas, pursuant to Section 15.002 (1) and (2) of the Texas Civil Practice & Remedies Code as all or a substantial part of the events or omissions giving rise to this suit occurred in Harris County, Texas.

### BACKGROUND

7.     BBEC is a successful and trusted contractor with experience in the construction industry, including experience performing earthwork and paving work. BBEC regularly performs work on public works projects, which generally require BBEC to obtain payment and other bonds from a surety.

8.     RLI Insurance, a surety authorized to perform business in Texas, issued several payment bonds for BBEC projects in Texas (the "contracts"). RLI Insurance understood that (1) BBEC was required to obtain these bonds to perform work on its projects, (2) that to the extent claims were made against these bonds, BBEC expected

# EXHIBIT 1

and relied upon RLI Insurance's judicious and expeditious handling of claims, and (3) RLI Insurance would timely reject invalid, improper, frivolous or fraudulent claims.

**A.    RLI INSURANCE BONDS SEVERAL OF BBEC'S PROJECTS IN TEXAS AND A BBEC SUBCONTRACTOR DOES NOT PAY ITS VENDORS.**

9.    In 2021 and 2022, RLI Insurance issued payment bonds for more than ten BBEC projects in Texas. BBEC progressed on the projects, and timely paid its subcontractors, suppliers, and other vendors. Around April of 2022, BBEC and RLI Insurance began receiving claims from sub-subcontractors (vendors who had subcontracted with one of BBEC's subcontractors). Based on these claims, BBEC discovered one of its subcontractors, T3 Civil, Inc. ("T3"), was not paying its subcontractors and suppliers. T3's failure to pay the sub-subcontractors led to a flurry of nonpayment claims, which continued even after BBEC terminated T3. As claims came in, BBEC negotiated with the various vendors and regularly reached settlements with them.

**B.    CONDITIONS IN TEXAS RESULT IN NUMEROUS INVALID, IMPROPER, FRIVOLOUS, OR FRAUDULENT CLAIMS AGAINST BBEC'S BONDS.**

10.    Due to various conditions in Texas and in the United States generally, BBEC and RLI Insurance began receiving numerous invalid claims. In Texas, there is little to no penalty for sending a non-payment notice to the wrong person, so long as you also send a notice to the right person. Likewise, there is no penalty for sending a claim early, but a severe penalty for sending a claim late. This, combined with inflation, a tight labor market, and fears of an economic recession, all contributed to BBEC and RLI Insurance receiving numerous claims that were invalid, improper, frivolous, or fraudulent.

# EXHIBIT 1

### C.   RLI INSURANCE INCOMPETENTLY HANDLES THE CLAIMS.

11.     As required to perfect a bond claim under Texas law, virtually all of the vendors sent notices to RLI Insurance regarding their claims. For each claim, RLI Insurance requested BBEC provide information RLI Insurance deemed pertinent to the claim. BBEC consistently provided timely responses to RLI Insurance's requests for information regarding the claims. BBEC also regularly settled the claims by paying the claimants itself, making the claims moot.

12.     RLI Insurance failed to close or properly evaluate claims due to its excessive incompetence and insufficient staff. RLI Insurance received numerous claims which were facially invalid, improper, frivolous, or fraudulent, and yet it failed to judiciously and expeditiously reject the claims. For example, RLI Insurance received claims from vendors who purportedly provided labor or materials to *one project*, but the supporting invoices identified *a different project*. RLI Insurance even received claims for projects on which BBEC never worked. RLI Insurance received a claim addressed to an entity with "Briggs" in its name, but which had no affiliation with BBEC (Briggs Brothers Enterprises Corp.). RLI Insurance received a claim from a vendor who claimed it supplied equipment since April 2020 for a project that did not commence until May 2021.

13.     As a result of its lack of staff and incompetence, RLI Insurance froze instead of responding to the claims. As vendors who submitted improper claims heard no response, they thought maybe RLI Insurance was taking the claims seriously, and more claims rolled in. Rather than judiciously and expeditiously review claims, RLI Insurance did nothing because, by its own admission, it was woefully understaffed.

# EXHIBIT 1

Instead of addressing the problem within its own claims department, it looked outward to BBEC. RLI Insurance expressed concern over the number of claims – without regard to their lack of merit – and requested a meeting at BBEC's offices in Houston, Texas.

### D. RLI INSURANCE REVIEWS BBEC'S RECORDS.

14.     On December 19, 2022, RLI Insurance and several others met at BBEC's offices in Houston, Texas to review BBEC's records. BBEC was transparent and open with RLI Insurance. BBEC provided RLI Insurance and its team with any records it had in its possession.

15.     Prior to the December 19, 2022 meeting, BBEC through its broker, requested the resumes of the individuals who would be attending the meeting and inspecting BBEC's records. RLI Insurance did not provide this information. Nevertheless, BBEC performed its own investigation.

16.     Among RLI Insurance's team was a consultant named, Luis Monroy a/k/a Luis Hernandez. During the meeting, Luis Monroy was identified as a forensic accountant. BBEC later discovered that, despite having virtually unfettered access to BBEC's sensitive records, Monroy had no degree in accounting and was not a CPA. Further, Monroy was previously sued by a business associate following Monroy's mismanagement of a jointly owned company. The lawsuit alleged Monroy, the managing member, suddenly and unexpectedly moved to another state. Monroy also allegedly refused to provide his business associate with financial records for the company. Thus, RLI Insurance's investigation was flawed from the start, as its

### EXHIBIT 1

incompetence extended to its retention of consultants for its examination of BBEC's books.

### E.   RLI INSURANCE TORTIOUSLY INTERFERES WITH BBEC'S TEXAS CONTRACTS.

17.   RLI Insurance continued to look outward instead of examining its own incompetent and understaffed claims department. On December 29, 2022, without any warning, RLI Insurance sent letters to the payment obligees of each BBEC project in Texas. Each letter instructed each of the obligees to release no further funds to BBEC under their contracts with BBEC. Each of these obligees had a contractual obligation to pay BBEC. Thus, RLI Insurance instructed the obligees to breach their contract with BBEC by disregarding the terms of their contracts and holding money owed to BBEC. As a result of these letters, BBEC was not paid under multiple construction contracts. RLI Insurance issued these letters even though, up to that point and even as of the date of the filing of this lawsuit, RLI Insurance has not paid a single penny under any of the bonds issued on BBEC projects.

18.   Because of RLI Insurance's incompetence in the handling of claims and malicious and tortious interference with BBEC's contracts, BBEC had no choice but to file this lawsuit.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19.   BBEC sues RLI Insurance for breach of contract. BBEC had valid contracts with RLI Insurance. BBEC performed, or in the alternative substantially performed, all of its obligations under its contracts with RLI Insurance. RLI Insurance breached the contracts by failing to judiciously and expeditiously handle

## EXHIBIT 1

claims and unreasonably instructing owners with which BBEC had a contract not to pay BBEC.

20.     As a result of RLI Insurance's breach of the contracts, BBEC sustained damages within the jurisdictional limits of this Court. Specifically, BBEC suffered actual damages from obligees refusing to pay BBEC both as a result of RLI Insurance's failure to timely process claims and as a result of RLI Insurance's letters to obligees. All conditions precedent have been performed and have occurred to entitle BBEC to recover its damages under the contracts.

### SECOND CAUSE OF ACTION – TORTIOUS INTERFERENCE

21.     BBEC also sues RLI Insurance for tortious interference with existing contracts. BBEC had valid contracts with various owners in Texas. RLI Insurance tortiously interfered with these contracts by specifically instructing obligees not to issue payments to BBEC under their contracts with BBEC. RLI Insurance's interference proximately caused BBEC actual damages. BBEC also seeks recovery of exemplary damages.

### THIRD CAUSE OF ACTION – BUSINESS DISPARAGEMENT

22.     BBEC also sues RLI Insurance for business disparagement. RLI Insurance published disparaging words about BBEC's economic interests. RLI Insurance's words were false. RLI Insurance published the words with malice. RLI Insurance published the words without privilege. RLI Insurance's publication caused special damages to BBEC.

# EXHIBIT 1

## ATTORNEYS' FEES AND COSTS

23.    BBEC is entitled to recover its attorney's fees and costs from Defendant RLI Insurance pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.001.

## CONDITIONS SATISFIED

24.    BBEC fully or substantially performed all acts necessary to perfect and establish all claims and causes of action asserted in this lawsuit. All conditions precedent to BBEC's right to recover on any of the claims and causes of action asserted in this lawsuit have been discharged, satisfied, or fully performed.

## RULE 193.7 NOTICE

25.    Pursuant to Tex. R. Civ. P. 193.7, BBEC hereby gives actual notice to all parties that any and all documents produced may be used against any and/or all parties producing the document at any pre-trial and/or trial of this matter without the necessity of authenticating the document.

## PRAYER

For these reasons, Plaintiff, BRIGGS BROTHERS ENTERPRISES CORPORATION, asks that Defendant, RLI INSURANCE COMPANY be cited to appear and answer and that Plaintiff have judgment against Defendant for:

    a.    All damages as plead for above;

    c.    Attorneys' fees;

    d.    Pre-judgment and post-judgment interests as allowed by law;

    e.    Cost of court; and

    g.    All other relief that the Court deems appropriate, including equitable relief.

# EXHIBIT 1

Dated: January 30, 2023.

Respectfully submitted,

**ANDREWS MYERS, P.C.**

By: _/s/ Blain M. Donnell_____
WILLIAM B. WESTCOTT
State Bar No. 24028219
bwestcott@andrewsmyers.com
BLAIN M. DONNELL
State Bar No. 24095387
bdonnell@andrewsmyers.com
1885 Saint James Place, 15th Floor
Houston, Texas 77056
713-850-4200 – Telephone
713-850-4211 – Facsimile

ATTORNEYS FOR PLAINTIFF
BRIGGS BROTHERS ENTERPRISES
CORPORATION

**EXHIBIT 1**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emily Harrison on behalf of Blain Donnell
Bar No. 24095387
eharrison@andrewsmyers.com
Envelope ID: 72261703
Status as of 1/30/2023 11:40 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Blain M.Donnell | | bdonnell@andrewsmyers.com | 1/30/2023 11:32:24 AM | SENT |
| Emily Harrison | | eharrison@andrewsmyers.com | 1/30/2023 11:32:24 AM | SENT |
| William B.Westcott | | bwestcott@andrewsmyers.com | 1/30/2023 11:32:24 AM | SENT |

# EXHIBIT 1

DELIVERED FEB - 3 2023
Receipt Number: 987188
Tracking Number: 74104910

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202305783

| | | | |
|---|---|---|---|
| PLAINTIFF:  BRIGGS  BROTHERS  ENTERPRISES CORPORATION | | | In the 061st Judicial |
| vs. | | | District Court of |
| DEFENDANT: RLI INSURANCE COMPANY | | | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO:  RLI INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT FOR SERVICE: CSC-LAWYERS INCORPORATING SERVICE COMPANY OR BY SERVING ANY DIRECTOR OR OFFICER OF RLI INSURANCE

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701-3136

WHEREVER HE OR SHE MAY BE FOUND

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on January 30, 2023, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 30, 2023.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: NELSON CUERO

Issued at request of:
DONNELL, BLAIN MILLER
1885 SAINT JAMES PLACE, 15TH FLOOR
HOUSTON, TX  77056
713-850-4200
Bar Number: 24095387

# EXHIBIT 1

Tracking Number: 74104910

CAUSE NUMBER: 202305783

| | |
|---|---|
| PLAINTIFF: BRIGGS BROTHERS ENTERPRISES CORPORATION | In the 061st |
| vs. | Judicial District Court |
| DEFENDANT: RLI INSURANCE COMPANY | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____          _____

County, Texas                _____ of _____

_____      By: _____
        Affiant                          Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
        Notary Public

# EXHIBIT 1

1/30/2023 11:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72261703
By: Nelson Cuero
Filed: 1/30/2023 11:32 AM

CAUSE NO._____

| | | |
|---|---|---|
| BRIGGS BROTHERS ENTERPRISES CORPORATION | § § § | IN THE DISTRICT COURT OF |
| vs. | § § § § § § | HARRIS COUNTY, TEXAS |
| RLI INSURANCE COMPANY | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, BRIGGS BROTHERS ENTERPRISES CORPORATION, files its Plaintiff's Original Petition against Defendant, RLI INSURANCE COMPANY, and would show the Court as follows.

### DISCOVERY CONTROL PLAN

1.    Discovery is intended to be conducted under Level 3 of TEXAS RULES OF CIVIL PROCEDURE 190.

### PARTIES

2.    Plaintiff, BRIGGS BROTHERS ENTERPRISES CORPORATION ("BBEC"), is a Texas corporation organized under the laws of the State of Texas and whose principal place of business is located in Texas.

3.    Defendant, RLI INSURANCE COMPANY ("RLI Insurance"), is a surety company registered with the Texas Department of Insurance and doing business in the State of Texas. RLI Insurance may be served with process by serving its registered agent for service:

**CSC-Lawyers Incorporating Service Company**

# EXHIBIT 1

211 E. 7th Street, Suite 620
Austin, TX 78701-3136

or by serving any director or officer of RLI Insurance (wherever he or she may be found) or through the Texas Department of Insurance.

JURISDICTION/VENUE

4.     The Court has jurisdiction over RLI Insurance because it conducts business in the State of Texas and is registered with the Texas Department of Insurance. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Court.

5.     Plaintiff seeks only monetary relief of more than $1,000,000. TEX. R. CIV. P. 47 (c)(4).

6.     Venue is proper in Harris County, Texas, pursuant to Section 15.002 (1) and (2) of the Texas Civil Practice & Remedies Code as all or a substantial part of the events or omissions giving rise to this suit occurred in Harris County, Texas.

BACKGROUND

7.     BBEC is a successful and trusted contractor with experience in the construction industry, including experience performing earthwork and paving work. BBEC regularly performs work on public works projects, which generally require BBEC to obtain payment and other bonds from a surety.

8.     RLI Insurance, a surety authorized to perform business in Texas, issued several payment bonds for BBEC projects in Texas (the "contracts"). RLI Insurance understood that (1) BBEC was required to obtain these bonds to perform work on its projects, (2) that to the extent claims were made against these bonds, BBEC expected

# EXHIBIT 1

and relied upon RLI Insurance's judicious and expeditious handling of claims, and (3) RLI Insurance would timely reject invalid, improper, frivolous or fraudulent claims.

### A. RLI INSURANCE BONDS SEVERAL OF BBEC'S PROJECTS IN TEXAS AND A BBEC SUBCONTRACTOR DOES NOT PAY ITS VENDORS.

9.     In 2021 and 2022, RLI Insurance issued payment bonds for more than ten BBEC projects in Texas. BBEC progressed on the projects, and timely paid its subcontractors, suppliers, and other vendors. Around April of 2022, BBEC and RLI Insurance began receiving claims from sub-subcontractors (vendors who had subcontracted with one of BBEC's subcontractors). Based on these claims, BBEC discovered one of its subcontractors, T3 Civil, Inc. ("T3"), was not paying its subcontractors and suppliers. T3's failure to pay the sub-subcontractors led to a flurry of nonpayment claims, which continued even after BBEC terminated T3. As claims came in, BBEC negotiated with the various vendors and regularly reached settlements with them.

### B. CONDITIONS IN TEXAS RESULT IN NUMEROUS INVALID, IMPROPER, FRIVOLOUS, OR FRAUDULENT CLAIMS AGAINST BBEC'S BONDS.

10.     Due to various conditions in Texas and in the United States generally, BBEC and RLI Insurance began receiving numerous invalid claims. In Texas, there is little to no penalty for sending a non-payment notice to the wrong person, so long as you also send a notice to the right person. Likewise, there is no penalty for sending a claim early, but a severe penalty for sending a claim late. This, combined with inflation, a tight labor market, and fears of an economic recession, all contributed to BBEC and RLI Insurance receiving numerous claims that were invalid, improper, frivolous, or fraudulent.

# EXHIBIT 1

### C.   RLI INSURANCE INCOMPETENTLY HANDLES THE CLAIMS.

11.   As required to perfect a bond claim under Texas law, virtually all of the vendors sent notices to RLI Insurance regarding their claims. For each claim, RLI Insurance requested BBEC provide information RLI Insurance deemed pertinent to the claim. BBEC consistently provided timely responses to RLI Insurance's requests for information regarding the claims. BBEC also regularly settled the claims by paying the claimants itself, making the claims moot.

12.   RLI Insurance failed to close or properly evaluate claims due to its excessive incompetence and insufficient staff. RLI Insurance received numerous claims which were facially invalid, improper, frivolous, or fraudulent, and yet it failed to judiciously and expeditiously reject the claims. For example, RLI Insurance received claims from vendors who purportedly provided labor or materials to *one project*, but the supporting invoices identified *a different project*. RLI Insurance even received claims for projects on which BBEC never worked. RLI Insurance received a claim addressed to an entity with "Briggs" in its name, but which had no affiliation with BBEC (Briggs Brothers Enterprises Corp.). RLI Insurance received a claim from a vendor who claimed it supplied equipment since April 2020 for a project that did not commence until May 2021.

13.   As a result of its lack of staff and incompetence, RLI Insurance froze instead of responding to the claims. As vendors who submitted improper claims heard no response, they thought maybe RLI Insurance was taking the claims seriously, and more claims rolled in. Rather than judiciously and expeditiously review claims, RLI Insurance did nothing because, by its own admission, it was woefully understaffed.

# EXHIBIT 1

Instead of addressing the problem within its own claims department, it looked outward to BBEC. RLI Insurance expressed concern over the number of claims – without regard to their lack of merit – and requested a meeting at BBEC's offices in Houston, Texas.

### D.   RLI INSURANCE REVIEWS BBEC'S RECORDS.

14.     On December 19, 2022, RLI Insurance and several others met at BBEC's offices in Houston, Texas to review BBEC's records. BBEC was transparent and open with RLI Insurance. BBEC provided RLI Insurance and its team with any records it had in its possession.

15.     Prior to the December 19, 2022 meeting, BBEC through its broker, requested the resumes of the individuals who would be attending the meeting and inspecting BBEC's records. RLI Insurance did not provide this information. Nevertheless, BBEC performed its own investigation.

16.     Among RLI Insurance's team was a consultant named, Luis Monroy a/k/a Luis Hernandez. During the meeting, Luis Monroy was identified as a forensic accountant. BBEC later discovered that, despite having virtually unfettered access to BBEC's sensitive records, Monroy had no degree in accounting and was not a CPA. Further, Monroy was previously sued by a business associate following Monroy's mismanagement of a jointly owned company. The lawsuit alleged Monroy, the managing member, suddenly and unexpectedly moved to another state. Monroy also allegedly refused to provide his business associate with financial records for the company. Thus, RLI Insurance's investigation was flawed from the start, as its

## EXHIBIT 1

incompetence extended to its retention of consultants for its examination of BBEC's books.

### E.    RLI INSURANCE TORTIOUSLY INTERFERES WITH BBEC'S TEXAS CONTRACTS.

17.    RLI Insurance continued to look outward instead of examining its own incompetent and understaffed claims department. On December 29, 2022, without any warning, RLI Insurance sent letters to the payment obligees of each BBEC project in Texas. Each letter instructed each of the obligees to release no further funds to BBEC under their contracts with BBEC. Each of these obligees had a contractual obligation to pay BBEC. Thus, RLI Insurance instructed the obligees to breach their contract with BBEC by disregarding the terms of their contracts and holding money owed to BBEC. As a result of these letters, BBEC was not paid under multiple construction contracts. RLI Insurance issued these letters even though, up to that point and even as of the date of the filing of this lawsuit, RLI Insurance has not paid a single penny under any of the bonds issued on BBEC projects.

18.    Because of RLI Insurance's incompetence in the handling of claims and malicious and tortious interference with BBEC's contracts, BBEC had no choice but to file this lawsuit.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19.    BBEC sues RLI Insurance for breach of contract. BBEC had valid contracts with RLI Insurance. BBEC performed, or in the alternative substantially performed, all of its obligations under its contracts with RLI Insurance. RLI Insurance breached the contracts by failing to judiciously and expeditiously handle

# EXHIBIT 1

claims and unreasonably instructing owners with which BBEC had a contract not to pay BBEC.

20.    As a result of RLI Insurance's breach of the contracts, BBEC sustained damages within the jurisdictional limits of this Court. Specifically, BBEC suffered actual damages from obligees refusing to pay BBEC both as a result of RLI Insurance's failure to timely process claims and as a result of RLI Insurance's letters to obligees. All conditions precedent have been performed and have occurred to entitle BBEC to recover its damages under the contracts.

### SECOND CAUSE OF ACTION – TORTIOUS INTERFERENCE

21.    BBEC also sues RLI Insurance for tortious interference with existing contracts. BBEC had valid contracts with various owners in Texas. RLI Insurance tortiously interfered with these contracts by specifically instructing obligees not to issue payments to BBEC under their contracts with BBEC. RLI Insurance's interference proximately caused BBEC actual damages. BBEC also seeks recovery of exemplary damages.

### THIRD CAUSE OF ACTION – BUSINESS DISPARAGEMENT

22.    BBEC also sues RLI Insurance for business disparagement. RLI Insurance published disparaging words about BBEC's economic interests. RLI Insurance's words were false. RLI Insurance published the words with malice. RLI Insurance published the words without privilege. RLI Insurance's publication caused special damages to BBEC.

# EXHIBIT 1

## ATTORNEYS' FEES AND COSTS

23.     BBEC is entitled to recover its attorney's fees and costs from Defendant RLI Insurance pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.001.

## CONDITIONS SATISFIED

24.     BBEC fully or substantially performed all acts necessary to perfect and establish all claims and causes of action asserted in this lawsuit. All conditions precedent to BBEC's right to recover on any of the claims and causes of action asserted in this lawsuit have been discharged, satisfied, or fully performed.

## RULE 193.7 NOTICE

25.     Pursuant to Tex. R. Civ. P. 193.7, BBEC hereby gives actual notice to all parties that any and all documents produced may be used against any and/or all parties producing the document at any pre-trial and/or trial of this matter without the necessity of authenticating the document.

## PRAYER

For these reasons, Plaintiff, BRIGGS BROTHERS ENTERPRISES CORPORATION, asks that Defendant, RLI INSURANCE COMPANY be cited to appear and answer and that Plaintiff have judgment against Defendant for:

> a.     All damages as plead for above;
>
> c.     Attorneys' fees;
>
> d.     Pre-judgment and post-judgment interests as allowed by law;
>
> e.     Cost of court; and
>
> g.     All other relief that the Court deems appropriate, including equitable relief.

# EXHIBIT 1

Dated: January 30, 2023.

Respectfully submitted,

**ANDREWS MYERS, P.C.**

By: _ /s/ Blain M. Donnell _____
    WILLIAM B. WESTCOTT
    State Bar No. 24028219
    bwestcott@andrewsmyers.com
    BLAIN M. DONNELL
    State Bar No. 24095387
    bdonnell@andrewsmyers.com
    1885 Saint James Place, 15th Floor
    Houston, Texas 77056
    713-850-4200 – Telephone
    713-850-4211 – Facsimile

ATTORNEYS FOR PLAINTIFF
BRIGGS BROTHERS ENTERPRISES
CORPORATION

# EXHIBIT 1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emily Harrison on behalf of Blain Donnell
Bar No. 24095387
eharrison@andrewsmyers.com
Envelope ID: 72261703
Status as of 1/30/2023 11:40 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Blain M.Donnell | | bdonnell@andrewsmyers.com | 1/30/2023 11:32:24 AM | SENT |
| Emily Harrison | | eharrison@andrewsmyers.com | 1/30/2023 11:32:24 AM | SENT |
| William B.Westcott | | bwestcott@andrewsmyers.com | 1/30/2023 11:32:24 AM | SENT |

# EXHIBIT 1